IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-542-BR

| | |
|---|---|
| TOMAR COOPER LOCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| WAKE COUNTY PUBLIC SCHOOLS, ALMA ) | |
| JEAN HAWKINS, CHRISTY ESTES, and ) | |
| DR. STEPHEN GAINEY, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Defendants' *Motion to Stay Discovery.* [DE-27]. In the motion, Defendants request that all discovery, including the requirements to conduct the initial pretrial conference and submit a discovery plan as mandated by Rule 26(f) and to provide Rule 26(a) initial disclosures, be stayed pending resolution of Defendants' motion to dismiss [DE-19]. Plaintiff did not respond to the motion, but Defendants' motion indicates that Plaintiff was consulted and did not consent to the motion.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until the court's resolution of pending dispositive motions. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *See United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va.

Oct. 18, 2007). "'Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion.'" *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley*, 270 F. Supp. 2d at 735).

Here, Defendants have demonstrated good cause for their request to stay discovery and other deadlines pending resolution of Defendants' motion to dismiss. A review of this case indicates that, during the pendency of the instant motion, the parties have already completed portions of the discovery requirements for which Defendants are seeking a stay. The parties held a telephone conference on or about November 11, 2013, regarding the making of a discovery plan and Defendants submitted a Rule 26(f) report to the court on December 3, 2013. [DE-31]. The docket indicates that Plaintiff has likewise submitted a Rule 26 report to the court, but review of the filing indicates that Plaintiff has merely submitted a document stating his position on the making of a discovery plan and does not reflect a proposed discovery plan. [DE-29]. Accordingly, all discovery obligations are STAYED pending the court's ruling on Defendants' motion to dismiss. To the extent Defendants' motion [DE-19] is not dispositive of all claims, the parties shall submit a revised discovery plan and exchange mandatory initial disclosures within twenty-one (21) days of the court's ruling on the motion.

So ordered, the 11th day of December, 2013.

_____
Robert B. Jones, Jr.
United States Magistrate Judge