UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CV-00542-BR

| | | |
|---|---|---|
| TOMAR COOPER LOCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| WAKE COUNTY PUBLIC SCHOOLS, | ) | |
| ALMA JEAN HAWKINS, | ) | |
| CHRISTY ESTES, | ) | |
| STEPHEN GAINEY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss. (DE # 19.) Plaintiff filed a response in opposition. (DE # 30.) Defendants did not file a reply.

According to his *pro se* complaint, plaintiff worked as a bus driver in the Transportation Department of the Wake County Public School System from 2003 until his discharge in January 2013. (Compl., DE # 4, at 4.) Plaintiff complains that he was discriminated against based on his sex and terminated in retaliation for engaging in protected activity, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Id. at 2-5.) Plaintiff names as defendants "Wake County Public Schools" and the three individuals who allegedly discriminated against him: the Operations Manager, the Area Manager, and the Superintendent.

Although defendants invoke a number of grounds for dismissal under Federal Rule of Civil Procedure 12, the court considers defendants' motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to this rule "tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of

a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

As for "Wake County Public Schools," defendants argue that it is not a proper defendant. The court agrees. "Wake County Public Schools" is not the appropriate entity that plaintiff should sue. Rather, as defendants point out, it is the Wake County Board of Education. See N.C. Gen. Stat. § 115C-40 ("The board of education of each county in the State shall be a body corporate by the name and style of 'The .......... County Board of Education,' and . . . shall . . . be capable . . . of prosecuting and defending suits . . . ."); Hunter v. Wake Cnty. Bd. of Educ., No. 5:08-CV-62-D, 2008 WL 2695813, at *1 (E.D.N.C. July 8, 2008) (dismissing "Wake County Public Schools" as a defendant in Title VII suit because the plaintiff's employer was Wake County Board of Education). The court will permit plaintiff to amend his complaint to properly name the Wake County Board of Education as a defendant.

As for plaintiff's claims against the individual defendants, the court agrees with defendants that those individuals cannot be subject to liability under Title VII. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."). Accordingly, plaintiff's claims against the individual defendants will be dismissed.

For the foregoing reasons, defendants' motion to dismiss is GRANTED. However, the court permits plaintiff to file an amended complaint naming Wake County Board of Education as

the defendant.  Plaintiff shall file the amended complaint within 20 days of the date of this order and submit to the Clerk a completed summons directed to the Wake County Board of Education. Defendants Hawkins, Estes, and Gainey are DISMISSED.

    This 25 April 2014.

                                                W. Earl Britt
                                               Senior U.S. District Judge